## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANDRA RUMANEK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 12-759-SRF |
| | ) |
| INDEPENDENT SCHOOL | ) |
| MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

## I. INTRODUCTION

Presently before the court in this retaliation action brought under the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, the Delaware Discrimination in Employment Act ("DDEA"), 19 *Del. C.* § 711, *et seq.*, and the Delaware Persons with Disabilities Employment Protections Act ("DPDEP"), 19 *Del. C.* § 720, *et seq.*, is the motion for judgment as a matter of law and/or for a new trial filed by plaintiff Sandra Rumanek ("Rumanek" or "plaintiff"). (D.I. 155) For the following reasons, the court denies the motion.[1]

## II. BACKGROUND

The facts of this matter are set forth more fully in the court's January 10, 2014 memorandum opinion on summary judgment. (D.I. 139) A jury trial was held from January 13 to January 16, 2014. On January 16, 2014, the jury returned a verdict in favor of defendant

---

[1] On August 2, 2012, the parties consented to the jurisdiction of the undersigned magistrate judge. (D.I. 15)

1

Independent School Management, Inc. ("ISM" or "defendant"). (D.I. 147) The court entered judgment in favor of defendant on January 27, 2014. (D.I. 150) Plaintiff filed the present motion on February 24, 2014. (D.I. 155)

## III. DISCUSSION

### A. Judgment as a Matter of Law

Plaintiff's post-trial motion for judgment as a matter of law is foreclosed because she did not move for judgment as a matter of law before the case was submitted to the jury, as required by Rule 50. *See Brown v. Grass*, 544 F. App'x 81, 85 (3d Cir. Oct. 31, 2013); *Easter v. Grassi*, 51 F. App'x 84, 87 (3d Cir. 2002); *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 364 (3d Cir. 1999) ("It is well settled that a party who does not file a Rule 50 motion for judgment as a matter of law at the end of the evidence is not thereafter entitled to have judgment entered in its favor notwithstanding an adverse verdict on the ground that there is insufficient evidence to support the verdict."). Rule 50(a)(2) provides that "[a] motion for judgment as a matter of law may be made at any time **before** the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2) (emphasis added). "The purpose of the specificity requirement of Rule 50(a)(2) is to provide notice to a party of potential defects in its proofs in time for that party to cure those defects." *Boehringer Ingelheim Vetmedica, Inc. v. Schering Plough Corp.*, 166 F. Supp. 2d 19, 30 (D.N.J. 2001) (citing *Acosta v. Honda Motor Co., Ltd.*, 717 F.2d 828, 831-32 (3d Cir. 1983)).

Rule 50(b) provides for the filing of a renewed motion for judgment as a matter of law after the entry of judgment, which may be made only "[i]f the court does not grant a motion for judgment as a matter of law made under Rule 50(a)." Fed. R. Civ. P. 50(b). "The failure to abide by Rule 50's procedural requirements 'wholly waives the right to mount any post-trial

2

attack on the sufficiency of the evidence,' including on appeal." *Brown*, 544 F. App'x at 85

(quoting *Yohannon v. Keene Corp.*, 924 F.2d 1255, 1262 (3d Cir. 1991)).

At the close of evidence, the court offered the parties an opportunity to submit motions.

(1/16/14 Tr. at 71:22-72:5) Neither party submitted a motion.[2] Therefore, plaintiff is foreclosed

from moving for judgment as a matter of law under Rule 50(b). The court next considers

plaintiff's motion for a new trial under Rule 59.

## B.   New Trial

The decision to grant or deny a new trial is within the sound discretion of the trial court

and, unlike the standard for determining judgment as a matter of law, the court need not view the

evidence in the light most favorable to the prevailing party. *See Allied Chem. Corp. v. Daiflon,

Inc.*, 449 U.S. 33, 36 (1980). Federal Rule of Civil Procedure 59(a)(1) provides, in pertinent

part:

> The court may, on motion, grant a new trial on all or some of the issues—and to
> any party—as follows: (A) after a jury trial, for any reason for which a new trial
> has heretofore been granted in an action at law in federal court.[3]

---

[2] Plaintiff moved to "vacate the verdict" as not being consistent with the evidence only after the case was submitted to the jury and a verdict was returned. (1/16/14 Tr. at 154:10-12) As such, the requirements of Rule 50 were not met.

[3] Plaintiff misconstrues the Rule in her reply brief, attempting to place the burden on the court to consider any additional reasons to grant a new trial, "whether in her Motion or not." (D.I. 172 at 1, 9) The court is not in a position to raise arguments on behalf of plaintiff. "[T]here is **no** case law requiring courts to provide general legal advice to pro se parties. In a long line of cases, the Supreme Court has repeatedly concluded that courts are under no such obligation." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 243 (3d Cir. 2013) (emphasis in original) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183-84 (1984) (holding that the Constitution does not "require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course."); *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)). "Judges must be impartial, and they put their impartiality at risk – or at least might **appear** to become partial to one side – when they provide trial assistance to a party." *Id.* at 244 (emphasis in original) (citing *Pliler v. Ford*, 542 U.S. 225, 231 (2004)).

New trials are commonly granted in the following situations: (1) where the jury's verdict is against the clear weight of the evidence, and a new trial must be granted to prevent a miscarriage of justice; (2) where newly-discovered evidence surfaces that would likely alter the outcome of the trial; (3) where improper conduct by an attorney or the court unfairly influenced the verdict; or (4) where the jury's verdict was facially inconsistent. *See Zarow-Smith v. N.J. Transit Rail Operations, Inc.*, 953 F. Supp. 581, 584 (D.N.J. 1997) (citations omitted). The court, however, must proceed cautiously and avoid substituting its own judgment of the facts and assessment of the witnesses' credibility for the jury's independent evaluation. *See Klein v. Hollings*, 992 F.2d 1285, 1290 (3d Cir. 1993). A court should grant a new trial in a jury case only if "the verdict was against the weight of the evidence . . . [and] a miscarriage of justice would occur if the verdict were to stand." *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1352 (3d Cir. 1991).

In the present case, plaintiff's motion challenges only whether the jury's verdict was against the clear weight of the evidence.[4] Citing Third Circuit authority, defendant contends that arguments regarding the sufficiency of the evidence pursuant to Rule 59 are barred if not

---

[4] For the first time in her reply brief, plaintiff challenges certain directions as to admission of evidence at trial allegedly given to her by her former counsel before and during trial. (D.I. 172 at ¶ 13) Plaintiff appears to fashion an argument that a new trial is warranted in light of "improper conduct by an attorney . . . [that] unfairly influenced the verdict." *Zarow-Smith*, 953 F. Supp. at 584. To the extent that plaintiff intended to place this factor in issue, the court declines to consider arguments raised for the first time in a reply brief. *See Leeseberg v. Converted Organics Inc.*, C.A. No. 08-926-GMS, 2010 WL 4878380, at \*2 n.2 (D. Del. Nov. 22, 2010); *see also* D. Del. LR 7.1.3(c)(2) ("The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief."). The court further notes that a motion for new trial based on allegedly improper statements by counsel "may be granted only where the improper statements made it reasonably probable that the verdict was influenced by prejudicial statements." *MobileMedia Ideas, LLC v. Apple Inc.*, C.A. No. 10-258-SLR-MPT, 2013 WL 4764199, at \*24 (D. Del. Sept. 5, 2013) (quoting *Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*, 308 F.3d 1167, 1182 (Fed. Cir. 2002) (applying Third Circuit law)). Motions based on this factor are typically raised in the context of allegedly improper conduct by opposing counsel, and not a party's own counsel. *Id.* at \*26; *Greenleaf*, 174 F.3d at 364. It does not appear that this factor was intended to address disagreements between a client and her counsel regarding trial strategy.

4

preserved under Rule 50 before the case is submitted to the jury. (D.I. 167 at 2) The Third Circuit's decision in *Greenleaf v. Garlock, Inc.* clarifies that, when a party is arguing that the evidence is insufficient to support a verdict against it, the failure to advance the argument before the close of all the evidence waives the right to a new trial based on the insufficiency of the evidence. 174 F.3d 352, 365 (3d Cir. 1999). However, the Third Circuit draws a distinction between arguments based on the insufficiency of the evidence and the court's authority under Rule 59(a) to critically evaluate the evidence and exercise its discretion in favor of a new trial if the probative evidence in the movant's favor is overwhelming by comparison. *Id.*; *compare Brown v. Grass*, 544 F. App'x at 85 (holding that plaintiff's Rule 59(e) argument was foreclosed because she did not move for judgment as a matter of law based on the sufficiency of the evidence before the case was submitted to the jury); *Otos Tech Co., Ltd. v. OGK Am., Inc.*, 295 F. App'x 514, 517 n.1 (3d Cir. 2008) ("Ordinarily, any claim based on insufficiency of the evidence is waived when the movant failed to move for judgment as a matter of law under Federal Rule of Civil Procedure 50 before the jury retired to deliberate."); *Williams v. Runyon*, 130 F.3d 568, 571-72 (3d Cir. 1997); and *Stadtlander Drug Co., Inc. v. Brock Control Sys., Inc.*, 174 F.R.D. 637, 641 (W.D. Pa. 1997) *with Keller v. County of Bucks*, 209 F. App'x 201, 205 (3d Cir. 2006) ("In any event, the failure to move for judgment as a matter of law does not preclude review on a 'weight of the evidence' claim."); *Fillebrown v. Steelcase, Inc.*, 63 F. App'x 54, 59 (3d Cir. 2003) ("Motions for a new trial based on the fact that the jury's verdict was against the weight of the evidence are not barred by a party's failure to move for judgment as a matter of law at the close of all evidence); *Easter v. Grassi*, 51 F. App'x 84, 87 (3d Cir. 2002) (concluding that plaintiff waived her Rule 50(b) motion, but performing a substantive analysis of the weight of the evidence under the new trial standard).

Even if plaintiff is not precluded from moving for a new trial based on the insufficiency of the evidence under the foregoing authority, she has failed to demonstrate that the verdict was against the weight of the evidence and that a miscarriage of justice would occur if the verdict were to stand. *See Williamson*, 926 F.2d at 1352. First, plaintiff alleges that the presence of Terri Preston at her performance review meeting was unprecedented. (D.I. 155 at ¶¶ 9, 12) The evidence presented at trial supports defendant's assertion that plaintiff was notified of Preston's planned participation prior to the November 24, 2010 meeting (D.I. 167, Ex. A at JX3), and that Preston had participated as a third party in other personnel meetings (*Id.*, Ex. C at 171:1-11). A conflict between Higgins' trial testimony and the evidence cited by defendant is not an appropriate basis upon which the court can grant a new trial. "Where the evidence is in conflict . . . and subject to two or more interpretations, the trial judge should be reluctant to grant a new trial." *Keys v. Carroll*, 2013 WL 6835407, at *2 (M.D. Pa. Dec. 23, 2013) (citing *Klein v. Hollings*, 992 F.2d 1285, 1295 (3d Cir. 1993)); *see also Parsons v. Doctors for Emergency Servs.*, 81 F.R.D. 660, 662 (D. Del. 1979) ("The credibility of witnesses is peculiarly for the jury and the Court cannot grant a new trial merely because the evidence was sharply in conflict.").

Similarly, plaintiff's allegations regarding Higgins' purported reasons for terminating her are insufficient to warrant a new trial. (D.I. 155 at ¶¶ 11, 12) Defendant presented evidence demonstrating that Higgins terminated plaintiff due to plaintiff's insubordination during the November 24, 2010 personnel meeting. (D.I. 167 at 5) Specifically, Higgins testified at trial that she terminated plaintiff because of her insubordination, and plaintiff's EEOC complaint had nothing to do with the decision to terminate her. (*Id.*, Ex. C at 265:6-7; 267:14-18; Ex. A at JX1, JX2) Again, the jury reached a credibility determination based on the evidence before it, and the

6

court is not at liberty to substitute its own judgment of the facts and assessment of the witnesses' credibility for the jury's independent evaluation. *See Klein*, 992 F.2d at 1290.

Plaintiff also contends that her removal from the ISM email account, network, and website demonstrate that defendant intended to terminate her. (D.I. 155 at ¶ 13) However, the evidence presented at trial reveals that plaintiff's information was removed from these systems because plaintiff expressly requested not to be contacted at any time during her medical leave. (D.I. 167, Ex. C at 252:4-253:19) This evidence includes plaintiff's own testimony at trial confirming that she did not want to communicate with defendant while she was on leave. (1/15/14 Tr. at 161:22-162:18) The jury was entitled to credit this testimony, which supports defendant's position that it only sought to fulfill plaintiff's own wishes by removing her contact information.

In sum, plaintiff has failed to establish that the jury's finding was contrary to the weight of the evidence.[5] To the extent that the record contained inconsistent evidence, these credibility issues were properly resolved by the jury. By ruling in favor of defendant, the jury did not commit a miscarriage of justice, but fulfilled its role as the fact finder in weighing and considering the contested evidence. The probative evidence in plaintiff's favor does not far outweigh the evidence in favor of defendant by comparison. As such, plaintiff's Rule 59 motion is denied.

---

[5] To the extent that plaintiff raises any additional arguments in her reply brief in support of her motion under Rule 59, the court reiterates that arguments raised for the first time in the reply brief will not be considered. *See* D. Del. LR 7.1.3(c)(2); *Leeseberg*, 2010 WL 4878380, at \*3. This is particularly true where, as here, the court has no discretion to extend the time to file a motion under Fed. R. Civ. P. 6(b). Considering additional arguments raised in a subsequent brief would, in effect, allow the parties to circumvent Rule 6(b).

## C.    Jury Instructions

A district court has the discretion to grant a new trial on claims of erroneous jury instructions when it finds that those errors are substantial. *See Murray v. Ennis*, 523 F. App'x 901, 902 (3d Cir. 2013) (citing *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)). "The scope of review of erroneous jury instructions is whether the charge, 'taken as a whole, properly apprises the jury of the issues and the applicable law.'" *Montgomery County v. Microvote Corp.*, 320 F.3d 440, 445 (3d Cir. 2003) (quoting *Smith v. Borough of Wilkinsburg*, 147 F.3d 272, 275 (3d Cir. 1998)).

Plaintiff challenges "the trial judge's unintended omission of the duty to deliberate instruction." (D.I. 155 at ¶ 18)  The trial transcript reveals that the court did, in fact, instruct the jurors on the duty to deliberate and their duties as jurors.  (1/16/14 Tr. at 74:13-75:15, 92:16-94:20)  These instructions are consistent with the Third Circuit Model Jury Instructions: Civil § 3.1.  Moreover, no objection to this instruction was made prior to the time the jury retired to deliberate. A party must make timely objections to both the form and the language of jury instructions and verdict forms before the jury retires to deliberate. *Neely v. Club Med Mgmt. Servs., Inc.*, 63 F.3d 166, 200 (3d Cir. 1995) (citing Fed. R. Civ. P. 51).  Failure to object to a proposed instruction or verdict sheet at the time the jury receives them constitutes a waiver of this objection. *Inter Med. Supplies, Ltd. v. Ebi Med. Sys., Inc.*, 181 F.3d 446, 463 (3d Cir. 1999). For these reasons, plaintiff's motion is denied to the extent that it pertains to the duty to deliberate jury instruction.

Plaintiff also challenges the portion of the Title VII retaliation instruction that uses the words "business judgment."[6]  (D.I. 155 at ¶ 16; 1/16/14 Tr. at 85:5-18)  At trial, plaintiff alleged

---

[6] Specifically, the court instructed the jury as follows:

8

that the "business judgment" language conflicts with the instruction permitting the jury to consider circumstantial evidence. (1/16/14 Tr. at 7:5 – 8:14) According to plaintiff, the circumstantial evidence presented at trial involves a direct challenge to defendant's business judgment, and therefore, consideration of defendant's business judgment should be permitted. (*Id.* at 8:2-7)

The court adopted the "business judgment" language verbatim from the Third Circuit Model Jury Instructions: Civil § 5.1.7 comment, which explained the rationale for inclusion of the language as follows: "In appropriate cases, it may be useful to note that if the jury disbelieves the employer's proffered non-retaliatory reason for the employment decision, it may consider that fact in determining whether the defendant's proffered reason was really a cover-up for retaliation." *See also Tokash v. Foxco Ins. Mgmt. Servs., Inc.*, 548 F. App'x 797, 805, 2013 WL 6233911, at *7 (3d Cir. Dec. 3, 2013) ("We find nothing objectionable or 'unbalanced' . . . in the District Court's instructions. Contrary to what [plaintiff] suggests . . . the District Court did instruct the jury with regard to pretext . . . Tracking case law, the Court then gave meaning and significance to pretext and distinguished it from business judgment.").[7] Contrary to plaintiff's

---

ISM has given insubordination as a non-retaliatory reason for its termination of Ms. Rumanek's employment. If you disbelieve ISM's explanation for its conduct, then you may, but need not, find that Ms. Rumanek has proved retaliation. In determining whether ISM's stated reason for its actions was a pretext or excuse for retaliation, you may not question ISM's business judgment. You cannot find retaliation simply because you disagree with the business judgment of ISM or believe it is harsh or unreasonable. You are not to consider ISM's wisdom. However, you may consider whether ISM's reason is merely a cover-up for retaliation.

(1/16/14 Tr. at 85:5-18)

[7] In *Tokash*, the Third Circuit expressly addressed the Supreme Court's decision in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000), and concluded that the decision was consistent with the Third Circuit's instruction on pretext:

9

contention, inclusion of the business judgment language in the jury instructions does not prevent

the jury from considering circumstantial evidence in connection with the pretext analysis. The

court provided the jury with a specific instruction pertaining to circumstantial evidence,[8] and the

challenged instruction regarding defendant's business judgment expressly permits the jury to

"consider whether ISM's reason is merely a cover-up for retaliation." (1/16/14 Tr. at 85:17-18)

The Third Circuit has recognized that the disputed instruction gives meaning and significance to

pretext while distinguishing it from business judgment, whereas plaintiff improperly conflates

the pretext analysis with business judgment. *See Tokash*, 548 F. App'x at 804. Specifically,

plaintiff's arguments fail to distinguish between an employer's business reasons used to cover up

discrimination and an employer's mistaken or ill-advised exercise of business judgment in

reaching employment decisions.

The cases cited by plaintiff in support of her arguments regarding the "business

judgment" language are inapposite. In *Ash v. Tyson*, the Supreme Court specifically and

---

The District Court's instructions accurately and fairly restated the law, including *Fuentes* and *Reeves*. In acceptable and straightforward terms, the Court told the jury to decide whether Excalibur's business reasons were excuses to 'cover up' its discriminatory reasons for terminating Tokash's employment. The Court explained that if they were then, as the Supreme Court held in *Reeves*, the jury could hold Excalibur liable.

*Tokash*, 548 F. App'x at 806.

[8] Specifically, the court issued the following instruction regarding circumstantial evidence:

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. Circumstantial evidence is of no less value than direct evidence, because it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

(D.I. 143 at 9)

narrowly addressed qualifications evidence, regarding whether pretext can be shown by

demonstrating that an applicant was better qualified than the person chosen for the position. 546

U.S. 454, 457 (2006). The Supreme Court carefully limited the scope of its decision:

> This is not the occasion to define more precisely what standard should govern
> pretext claims based on superior qualifications. Today's decision, furthermore,
> should not be read to hold that petitioners' evidence necessarily showed pretext . .
> . It suffices to say here that some formulation other than the test the Court of
> Appeals articulated in this case would better ensure that trial courts reach
> consistent results.[9]

*Id.* at 458. Moreover, the Supreme Court's decision in *Desert Palace, Inc. v. Costa* held that

direct evidence of discrimination is not required to prove employment discrimination in mixed-

motive cases. 539 U.S. 90 (2003). The present case is not a mixed-motive case. Therefore,

plaintiff's motion is denied to the extent that it pertains to the "business judgment" language in

the Title VII retaliation instruction.

The court next addresses plaintiff's contention that the Title VII retaliation instruction

was inadequate because it failed to instruct the jury regarding what actions constitute protected

activity and what actions constitute violations of Title VII's prohibition against retaliation.[10]

(D.I. 155 at ¶ 17) The court's instruction on the elements of a Title VII claim for retaliation is

---

[9] In *Ash*, the Supreme Court determined that the Court of Appeals for the Eleventh Circuit
applied an erroneous standard in its analysis of qualifications evidence to show pretext. The
Supreme Court held that the appellate court's articulation of the standard, involving "words
jumping off the page to slap you . . . in the face" was unhelpful and imprecise. 546 U.S. at 457.
The *Ash* decision has no relevance to the instruction given in the instant case, as qualifications
evidence is not in issue.

[10] The disputed instruction states as follows:

> Concerning the first element, Ms. Rumanek need not prove the merits of the
> underlying conduct that formed the basis of her protected activity, but only that
> she was acting under a good faith and reasonable belief that her own or someone
> else's right to be free from unlawful discrimination was violated.

(1/16/14 Tr. at 84:4-10)

based on the Third Circuit Model Jury Instructions: Civil § 5.1.7, and includes the protected activity and adverse employment action proposed by plaintiff that survived the court's decision on summary judgment. (D.I. 136 at 18-19; D.I. 143 at 13-14) The "good faith" language is part of Model Civil Jury Instruction § 5.1.7 and was initially proposed by plaintiff. (D.I. 136 at 20) The court included the language "and reasonable" to this instruction after considering each party's proffered instruction and the Third Circuit's decision in *Moore v. City of Philadelphia*, 461 F.3d 331, 341 (3d Cir. 2006). (1/16/14 Tr. at 4:8-13; 14:7-15:6) In *Moore*, the court held that an employee "must hold an objectively reasonable belief, in good faith, that the activity they oppose is unlawful under Title VII." 461 F.3d at 341. The instruction properly apprises the jury of the issues and the applicable law, and plaintiff has failed to demonstrate how the instruction conflicts with the law or how any alleged error in the instruction prejudiced the jury. Therefore, plaintiff's motion is denied.

## IV.    CONCLUSION

For the foregoing reasons, the court denies Rumanek's motion for judgment as a matter of law and/or for a new trial. (D.I. 155) An order consistent with this Memorandum Opinion shall issue.

Dated: May 30, 2014

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

12